*FILED*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6987-GHK (AJWx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | *Aguilar v. Baxalta US Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion to Remand (Dkt. 12)

  This matter is before us on Plaintiff's motion to remand, (Dkt. 12.) We took the matter under submission on October 19, 2016. (Dkt. 16.) As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

  Plaintiff filed the current action against her former employers alleging pregnancy discrimination. (Dkt. 1-1 ("Compl.") ¶¶ 6–8.) Defendants did not file a motion to remand within 30 days of the Complaint. Forty-nine days after the Complaint was filed, Plaintiff filed a Statement of Damages. Within 30 days thereafter, Defendants removed the case based on diversity jurisdiction.

  Plaintiff seeks remand to state court claiming that removal was untimely. Defendants argue that the Complaint does not specify the parties' citizenship or damages so they did not have sufficient information to remove the action until receiving the Statement of Damages. We find that remand was untimely because, by their own admissions, Defendants could have removed the action based on the allegations in the Complaint.

  **1.**   **Citizenship**

  In their Notice of Removal, Defendants argue that "Plaintiff's Complaint does not allege her citizenship" but that they could now present evidence of her citizenship. (Dkt. 1, ("Notice of Removal") ¶ 6.) They explain that Plaintiff resides in California and that "residence is *prima facie* evidence of domicile." (Notice of Removal ¶¶ 10–12.) This argument could have been made from the Complaint, however, because in Exhibit 1 to the Complaint Plaintiff states that she resides in California. (Compl. Exh. 1.) Although Defendants rely on additional research from personnel and public records, those findings do not provide new information but simply confirm Plaintiff's *prima facie* evidence of citizenship in California. Moreover, that same information could have been ascertained at the time the Complaint was filed, and Defendants do not claim otherwise.

*FILED*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6987-GHK (AJWx) | Date | November 10, 2016 |
|---|---|---|---|
| Title | *Aguilar v. Baxalta US Inc., et al.* | | |

**2. Amount in Controversy**

Defendants argue that the "first paper from which Defendant could ascertain removability without inquiring outside the pleadings is Plaintiff's Statement of Damages." (Dkt. 14 ("Opp'n to Remand") at 1:15–17.) In their Notice of Removal, however, they stated: "The Claims In The Complaint Also Establish The Amount In Controversy." (Notice of Removal ¶26.) Thus, our objective analysis of the Complaint is persuaded by Defendants' admission that even they relied on the allegations in the Complaint to establish that the amount in controversy is more likely than not over the jurisdictional threshold. If they were admittedly satisfied that the allegations in the Complaint were sufficient to demonstrate removal, then they completely undercut their argument that the removal could only be effected after the Statement of Damages.

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. This action is remanded to the state court from which it was removed. The Clerk shall effect this remand forthwith.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Deputy Clerk | | DG for PS |